IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JARVIS EDMOND CARTER, | ) | Cause No. CV 06-06-H-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| CRAIG THOMAS (individual | ) | |
| capacity); JEFF A. WALTERS | ) | |
| (individual capacity); MONTANA | ) | |
| BOARD OF PARDONS AND PAROLE | ) | |
| (official capacity), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On February 23, 2006, Plaintiff Jarvis Carter moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. That motion was granted in a separate Order. Carter is a former state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Carter's Allegations

Carter contends that his due process rights were violated because he was not permitted an interview with the Board of Pardons and Parole while he was placed at the Billings Pre-Release Center. He explains that he was "sentenced to a 7-year commitment to the Department of Corrections," Compl. (Court's doc. 1) at 5, ¶

IV.A(1), and placed at the Billings Pre-Release Center.  His parole eligibility date was May 13, 2003, but when he requested to see the Board in March 2003, he was told that "due to his 'conditional release status' at the Billings Pre-Release and the fact he had never been to [Montana State Prison] ... the Board did not have jurisdiction over his case."  Id.  Carter claims that this was not true, because Mont. Code Ann. § 46-23-202 provides that an inmate must make his initial appearance before the Board within two months before his parole eligibility date or as soon thereafter as possible.  Carter alleges that the delay in his parole hearing injured him because, by the time he was permitted to appear before the Board in January 2005, he had a record of misconduct at the Billings Pre-Release Center, which the Board considered in denying parole.  Compl. at 5-6, ¶¶ IV.A-V.

**III. Analysis**

Carter misunderstands state law.  Mont. Code Ann. § 46-23-201(1) (2001)[1] provides that "the board may release on nonmedical parole ... any person who *is confined in a state prison* ... or any person who *is sentenced to the state prison and* confined in a prerelease center" (emphases added).  If Carter had been sentenced

---

[1] The Court has used the 2001 version of the Montana Code Annotated because Carter was sentenced in November 2003 and therefore probably committed his offense under 2001 law. However, a different version of the Code would make no difference in the outcome of this case.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

to prison, he could not have been placed at the Billings Pre-Release Center.  In fact, he says that he was "sentenced to a 7-year commitment to the Montana Department of Corrections." Compl. at 5, ¶ IV.A(1).  Such a commitment is a term of art in Montana law.  It means that the Department of Corrections has discretion as to the offender's placement.  <u>See</u> Mont. Code Ann. § 46-18-201(3)(d)(i) (2001).  The Department might decide to send him to prison or to a pre-release center, or it might place him in a non-residential program.

   Here, obviously, the Department decided to send Carter to a pre-release center.  Had Carter been more successful in his pre-release program, he could have been released even from the relatively light confinement of a pre-release center.  Instead, he was found guilty of breaking the rules of the pre-release center, and he was then placed at the Yellowstone County Detention Center.  At that point, he was a person "confined in a state prison" and was eligible to see the Board of Pardons and Parole.

   Because the Board had no authority under state law to act until Carter had already committed the violations that resulted in his placement in the Yellowstone County Detention Center, he cannot state a claim against the Board or its members for violating his right to due process.  The Complaint should be dismissed with prejudice.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

**IV. Strike for Failure to State a Claim**

> 28 U.S.C. § 1915(g) provides:
>
> In no event shall a prisoner bring a civil action ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prison is under imminent danger of serious physical injury.

Although Carter is not a prisoner now, he was a prisoner at the time he brought this action. See, e.g. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam) (holding that use of term "brought" in 42 U.S.C. § 1997e(a) refers to time of filing suit). Consequently, if the District Court accepts this Court's recommendation of dismissal for failure to state a claim, Carter's filing of this action should count as one strike under 28 U.S.C. § 1915(g).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Carter's Complaint (Court's doc. 1) should be DISMISSED WITH PREJUDICE and the docket should reflect that Carter's filing of this action counts as one strike for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Carter must immediately inform the Court of any change in his mailing address.

DATED this 16th day of August, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.