FILED
MISSOULA, MT

2006 OCT 19 PM 4 58

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| JARVIS EDMOND CARTER, | ) | CV 06-06-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CRAIG THOMAS, in his individual capacity; JEFF A. WALTERS, in his individual capacity; and MONTANA BOARD OF PARDONS AND PAROLE | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation in this matter on August 16, 2006. Pursuant to this Court's September 19, 2006 Order, Plaintiff's objections were due on or before October 6, 2006. Plaintiff filed his objections on October 10, 2006. Although Plaintiff's objections were untimely, this Court will review the record de novo in the interests of justice. Judge Ostby recommended dismissing Plaintiff's Complaint with prejudice for failure to

-1-

state a claim upon which relief can be granted. Despite Plaintiff's objections, I agree with Judge Ostby's recommendation.

Plaintiff's Complaint alleges he was denied due process of law because he was not permitted to make an initial appearance before the board of pardons and parole ("board") while placed at the Billings Pre-Release Center. Judge Ostby determined the board had no authority to act under Mont. Code Ann. § 46-23-201(1) because Plaintiff was sentenced to a "7-year commitment to the Montana Department of Corrections" and residing at a pre-release center. See Mont. Code Ann. § 46-23-201(1)(2001) (providing "the board may release on nonmedical parole . . . any person who is confined in a state prison . . . or any person who is sentenced to the state prison and confined in a prerelease center").[1] Plaintiff objects, claiming that because his sentence was for an unsuspended term of years, he was sentenced to the state prison as required by § 46-23-201(1).

Plaintiff's assertion is incorrect. The types of sentences state court judges may impose are listed in § 46-18-201 of the Montana Code. They include, inter alia, "a term of incarceration

---

[1] Judge Ostby relied on the 2001 version of the Montana Code after determining Plaintiff probably committed his offense in 2001. Plaintiff argues the 2003 version of the Code should control. The relevant portions of both versions of the Code, however, are identical. Therefore, the outcome of the case would be the same under either version of the Code.

-2-

. . . at a state prison" and "commitment . . . to the department of corrections." Mont. Code Ann. § 46-18-201(c) & (d)(i). If the latter was the same as the former, as Plaintiff argues, it would be unnecessary to distinguish the two types of sentences in the statute. Because Plaintiff was committed to the department of corrections, he was not sentenced to the state prison. Accordingly, Plaintiff only became eligible for parole under § 46-23-201(1) when he was confined in state prison at the direction of the department of corrections. At that time, Plaintiff was permitted to make an initial appearance.

Plaintiff also objects to Judge Ostby's recommendation that his complaint be dismissed with prejudice. Plaintiff argues, as a pro se litigant who is unfamiliar with the law, he should be granted leave to amend his Complaint. Generally, leave to amend a complaint is liberally granted to pro se litigants. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). When a complaint cannot be cured by amendment, however, dismissal with prejudice is appropriate. Id. In the instant case, the board had no authority to act at the time Plaintiff claims his right to due process was violated. Plaintiff's complaint therefore cannot be amended to state a claim upon which relief can be granted.

Accordingly, IT IS HEREBY ORDERED that Judge Ostby's Findings and Recommendation are adopted in full. Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The docket should reflect

that Plaintiff's filing of this action counts as one strike for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(g).

Dated this 19th day of October, 2006.

Donald W. Molloy, Chief Judge
United States District Court